**CITY OF ODESSA, Appellant,**

v.

**William G. BARTON, Appellee.**

**No. 08–96–00035–CV.**

Court of Appeals of Texas, El Paso.

Jan. 16, 1997.

Rehearing Overruled Feb. 26, 1997.

James M. O'Leary, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Allen R. Stroder, Hirsch, Stroder & Hobbs, L.L.P., Odessa, for appellee.

## OPINION

LARSEN, Justice.

Defendant City of Odessa appeals from an adverse jury verdict on its former employee's breach of contract claims. We affirm.

## FACTS

On February 12, 1991, the City of Odessa terminated William Barton from his employment as a swimming pool specialist in the City's parks and recreation department. The City of Odessa Personnel Policies and Procedures Manual, which the City adopted by ordinance in January 1991, made Barton a "just cause" employee rather than an "at will" employee. Under the personnel manual, just cause employees could be discharged only for violations of certain delineated policies and procedures. Barton filed this lawsuit against the City in February 1992 alleging that the City breached its employment agreement with him by discharging him without just cause. A jury found that the City did not have just cause to discharge Barton and awarded him $150,000 in lost wages and employee benefits. The City attacks the judgment in two points of error.

### Failure to Exhaust Administrative Remedies

In its first point of error, the City claims that the trial court should have granted its motion for directed verdict, as Barton failed to exhaust administrative remedies. Specifically, the City of Odessa Personnel Policies and Procedures Manual affords "just cause" employees an automatic pretermination hearing and a post-termination hearing if the employee requests it.[1] The City discharged

---

1. The manual provides:
   'Just cause' employees ... have a right to pretermination and post-termination hearings as stated in the following paragraphs.
   B. Procedure for Hearings except for Drug and Alcohol Violations and Failure to Report an Accident consists of one pretermination hearing and one post-termination hearing given under the following rules:
   1. Pretermination Hearing
   a. This hearing shall be given before termination by the department director or supervisor in charge of the employee.
   b. This hearing shall be informal and shall be tape recorded.
   c. If an order of termination is issued after the hearing, the employee shall have five working days from the date of termination to submit a request in writing to the Director of Personnel for a post-termination appeal hearing. If no request is filed within five (5) days, the right to a post-termination hearing is waived by the employee.
   2. Post-Termination Appeals Hearing
   a. A three-person hearings panel shall be appointed to hear the evidence and render a decision regarding the disciplinary appeal....
   e. The employee and the City shall advise the other party of their witnesses and documents prior to the day of the hearing. City shall make any of its employees that are needed as witnesses available at the hearing. It shall also attempt to contact and make available other witnesses requested by the

Barton after a pretermination hearing, and Barton timely requested a post-termination hearing.[2] The evidence is undisputed that Barton appeared at the post-termination hearing, spoke to the hearing panel, and answered some questions the panel put to him. It is also undisputed that at some point before the hearing was completed, Barton became angry and walked out. The post-termination hearing panel took no further action after Barton walked out. The City alleged, in its Motion for Directed Verdict, Motion for Judgment Notwithstanding Verdict, Motion for New Trial, and in its objections to the court's charge, that "[t]he evidence is clear, certain and overwhelming that plaintiff did not exhaust his administrative remedies . . . ." thereby depriving the City of an opportunity to act finally on Barton's termination. On appeal, the City characterizes Barton's failure to complete the post-termination hearing, his administrative remedy of last resort under the personnel manual, as a bar to his recovery on two theories: first, as a failure to exhaust administrative remedies barring the trial court's jurisdiction to hear the cause, and, second, as a breach of the employment agreement barring Barton's recovery under his breach of contract theory. The City did not submit an issue to the jury on either theory. Upon appeal, any independent ground of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested is waived. TEX.R.CIV.P. 279. We find that both theories fail because the evidence does not conclusively establish that Barton failed to exhaust his administrative remedies as provided in the personnel manual, for the reasons set forth below.

### Bar to the Court's Jurisdiction

In most instances, a party must exhaust available administrative remedies before resorting to the courts. *See Webb County Appraisal District v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 954 (Tex.1990); *Glasscock Underground Water Conservation District v. Pruit,* 915 S.W.2d 577, 580 (Tex. App.—El Paso 1996, no writ). It is undisputed in this case that the administrative remedies available to Barton were wholly created by the City's personnel manual. Thus, Barton was required to exhaust his administrative remedies as defined by the terms of the personnel manual before he could seek any remedy in the courts.

The City's argument seems to be that the post-termination panel rendered no official order because Barton failed to attend the entire hearing, thus, he failed to exhaust all administrative remedies. Although the personnel manual requires the post-termination panel to hear the City's charges and issue a written order rendering a final decision, it does not specify any particular level of participation from the employee before the decision can be rendered. At oral argument, the City candidly acknowledged that it bore the burden of proving just cause in the hearing process. As to the employee's responsibilities, the manual provides only that the employee must timely request the hearing, and that the employee "shall have *an opportunity* to respond orally or in writing to the charges and violations at the time of the hearing and to cross examine the witnesses [emphasis added]." It thus appears that although the employee must trigger the post-termination

---

employee; however, without subpoena power, it cannot assure their attendance.

f. Employees shall be given notice of the charges, a copy of the documentary evidence, a list of witnesses and the general nature of their expected testimony to be submitted at the hearing and shall be given the time of the hearing. The time of the hearing shall be set no earlier than five (5) days after notice has been given and no later than twenty (20) days after notice has been given.

g. The employee shall have an opportunity to respond orally or in writing to the charges and violations at the time of the hearing and to cross examine the witnesses.

h. The hearing shall be conducted as an administrative hearing and strict rules of evidence need not be followed.

i. No right of appeal shall lie from the hearings panel's decision, which shall be final.

2. Although the manual styles this proceeding a "Post-Termination Appeals Hearing," it is clear that it is not an appeal, but is de novo. The panel is not required to give any particular deference to the pretermination officer's decision; it hears all evidence presented by both sides; and draws its own conclusions as to both facts and law. This is not an appeal in any usual sense of the term.

hearing process, it is the City that must prove its case and obtain a panel decision once the procedure begins. The manual does not require the employee to cross-examine witnesses or even to respond to the charges at the hearing; the employee merely has that opportunity.[3] In this case, Barton timely requested the hearing and participated in it by giving testimony and submitting himself to questioning by the hearings panel.[4] We find that where the City bore the burden of proving just cause, where it halted proceedings in the midst of presenting its evidence, and where its hearings panel never made findings or entered an order as contemplated by the manual, a fact question existed as to whether Barton had complied with his duty to exhaust administrative remedies. Significantly, the Termination and Suspensions section of the personnel manual, under which the administrative remedies are delineated, states that "[t]he standard for compliance with such rules of procedure shall be substantial compliance only." In light of the terms of the personnel manual, particularly the substantial compliance language, we do not find that Barton's walk-out necessarily deprived the panel of its ability to continue hearing the City's evidence and render its decision.

■ Whether a party has sufficiently exhausted its administrative remedies under particular circumstances can be an appropriate issue for the jury. *See e.g. Roberts v. City of Corpus Christi,* 744 S.W.2d 214, 217 (Tex.App.—Corpus Christi 1987, no writ) (whether police officer had reasonable fear of retaliation for attempt to exhaust administrative remedies created fact issue precluding summary judgment on ground that officer failed to exhaust administrative remedies). Given the terms of the personnel manual and the undisputed evidence in this case, we hold the City failed to conclusively establish that Barton failed to exhaust his administrative remedies. At the very least, there was a fact issue appropriate for submission to the jury on whether Barton's timely request for, and partial participation in, the post-termination hearing fully or substantially complied with the terms of the personnel manual's administrative procedures. We therefore reject that portion of the City's argument.

### Bar to Recovery on Breach of Contract

■ Barton based his breach of contract claim on the personnel manual provision making him a "just cause" employee, and the City's lack of just cause to fire him. In Texas, either party may terminate the employment relationship at will unless the employer, acting through an agent authorized to bind it, expressly agreed to modify the at-will employment relationship. *Vida v. El Paso Employees' Federal Credit Union,* 885 S.W.2d 177, 181 (Tex.App.—El Paso 1994, no writ); *Hicks v. Baylor Univ. Med. Center,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 413 (Tex.App.—Corpus Christi 1988, no writ); *United Transp. Union v. Brown,* 694 S.W.2d 630, 632–33 & n. 1 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 538–39 (Tex.App.—Corpus Christi 1982, no writ). Although courts usually find that general statements about working conditions, disciplinary procedures, or termination rights contained in an employee handbook are not sufficient to change the at-will employment relationship, a handbook may modify the at-will relationship if it specifically and expressly curtails the employer's right to terminate the employee. *Vida,* 885 S.W.2d at 181; *McAlister v. Medina Electric Cooperative, Inc.,* 830 S.W.2d 659, 664 (Tex.App.—San Antonio 1992, writ denied); *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.). The manual must restrict the at-will relationship in a meaningful and special way. *Vida,*

---

**3.** In contrast, another section of the manual, dealing with terminations for alcohol or drug use or failure to report an accident, provides that there an employee "shall waive the right to a hearing if he or she is served with notice as provided herein and fails to appear or to seek a continuance with good cause within five (5) days of receipt of such notice."

No such affirmative burden is placed upon the employee in a post-termination proceeding such as the one at issue here.

**4.** We find it significant that all members of the hearing panel were employees of the City.

885 S.W.2d at 181; *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843, 846 (Tex.App.—Houston [14th Dist.] 1988, no writ). The handbook must contain a specific contractual term altering at-will status. *Vida,* 885 S.W.2d at 181; *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674, 675 (Tex. App.—Austin 1982, writ ref'd n.r.e.). *Whitehead v. University of Texas Health Science Center of San Antonio,* 854 S.W.2d 175, 181 (Tex.App.—San Antonio 1993, no writ). Here, the personnel manual contains a provision specifically and expressly limiting the City's right to terminate certain employees, including Barton, to certain defined instances of "just cause." We find that this provision in the personnel manual limited the employer's termination rights in a narrow, clearly delineated way and thus created an employment contract on the issue of just cause termination.

■ The City argues that Barton cannot accept the benefit of his "just cause" status without also living up to the burdens imposed by the personnel manual. It has long been the rule that a party cannot accept that part of a contract beneficial to the party and deny the application of other provisions which may be detrimental or disadvantageous. One who accepts the benefit of a contract must also assume its burdens. *See Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892, 895 (1960). Those burdens, according to the City, include the requirement that Barton exhaust administrative remedies prior to resorting to the courts. Barton cannot, the City asserts, recover on his breach of contract claim when he has breached the contract himself by filing suit without exhausting his administrative remedies.

The City's claim that it is excused from performance under the contract because Barton breached first is in the nature of an affirmative defense. *See i.e., 46933, Inc. v. Z & B Enterprises, Inc.,* 899 S.W.2d 800, 807 (Tex.App.—Amarillo 1995, writ denied). The City, however, failed to submit an issue or instruction on Barton's alleged breach of the contract and thus waived the issue unless conclusively established by the evidence. TEX.R.CIV.P. 279. The City relies upon Barton's failure to exhaust his administrative remedies as the breach which precludes Barton from benefitting from the employment contract. This, however, is the same omission on which it bases its first argument; we find we must reject this second argument for the same reasons. As the City failed to conclusively establish that Barton failed to exhaust his administrative remedies, it also failed to conclusively establish that Barton breached the contract.

Accordingly, we overrule the City's first point of error.

### Correct Standard of Review

■ Next, the City takes issue with the trial court's submission of the breach of contract issue to the jury. The City argues that the trial court should review any decision of an administrative body as a matter of law, applying the substantial evidence rule. The principles of substantial evidence review are well settled. The reviewing court must hear and consider evidence to determine whether reasonable support for the administrative order exists. The agency itself, however, is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law. *Firemen's and Policemen's Civil Service Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). Thus, while the reviewing court is to a certain extent a fact finder, it may not substitute its judgment for that of the agency on controverted issues of fact. *Id.* The trial court may not set aside an administrative order merely because testimony was conflicting or disputed or because it did not compel the result reached by the agency. Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. *Id.* The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. *Id.; Cusson v. Firemen's and Policemen's Civil Service Comm'n,* 524 S.W.2d 88, 90 (Tex.Civ.App.—San Antonio 1975, no writ). We find two flaws in the City's argument that substantial evidence review should apply here.

First, the panel never made findings or conclusions for the court to review. Where

no formal decision was made, we do not see how substantial evidence review may be meaningfully conducted. As the City could have finished its presentation of evidence before the panel and obtained findings without Mr. Barton's participation, it presented the trial court with nothing to review, and the court did not err in failing to review an order that did not exist.

Second, we conclude the breach of contract claim exists independently of any administrative review in this case. The personnel manual provided that Barton could be terminated only for "just cause." As we have discussed above, the personnel manual limits the employer's termination rights in a narrow, clearly delineated way and thus creates an employment contract on the issue of just cause termination. *See Vida*, 885 S.W.2d at 181. Barton's breach of the employment contract gave rise to a cause of action separate from simple judicial review of the post-termination panel's administrative decision. Barton did not seek judicial review of the panel's decision at trial; rather, he pursued his cause of action for breach of contract. He was entitled to submit his contract claim to the jury. *See Dallas Area Rapid Transit v. Plummer*, 841 S.W.2d 870, 874 (Tex.App.—Dallas 1992, writ denied) (plaintiff brought actions both for review of administrative board decision and for breach of contract arising from same employment agreement; appellate court reviewed administrative decision on legal "substantial evidence" standard and breach of contract issues on evidentiary sufficiency standards). We find that the trial court did not err in submitting Barton's breach of contract issues to the jury. Accordingly, we overrule the City's second point of error.

### CONCLUSION

Having considered and overruled both of the City's points of error, we affirm the judgment of the trial court.