**Gertrude JANIK, Appellant,**

v.

**The LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and Kathy Graeber–Raley in her official capacity, Appellees.**

**No. 01–96–00703–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 17, 1997.

Rehearing Overruled Aug. 13, 1997.

Lawrence W. Watts, Houston, for appellant.

Merri Schneider–Vogel, Christopher Blewer Gilbert, Houston, for appellees.

Before WILSON, COHEN and HEDGES, JJ.

## OPINION

WILSON, Justice.

Appellant, Gertrude Janik, was discharged from her position as a school district clerk. She sued the district and her former supervisor for wrongful discharge. Appellees, the Lamar Independent Consolidated School District (LISD) and Kathy Graeber–Raley, filed a plea to the jurisdiction. In this appeal, we are asked to determine if the trial court properly granted the plea. In three points of error, Janik contends the trial court erred in granting the plea to the jurisdiction because: (1) when an action is grounded in the constitution, it is not necessary for a plaintiff to exhaust her administrative remedies; (2) she meets the requirements of other exceptions to the general rule of exhaustion of remedies; and (3) LISD and Graeber–Raley did not overcome a standard of review favoring Janik.

We affirm.

### Background

Janik worked for 12 years as an at-will employee for LISD. Janik and Graeber–Raley offer contradictory versions of the events leading to Janik's discharge. According to Graeber–Raley, she was displeased with Janik's job performance, particularly with her inability to master computer word processing. Graeber–Raley also believed Janik had a poor attitude, was inept at dealing with fellow employees, and shifted an inappropriate amount of work to her student helper. After a two-month trial period in which Janik's job deficiencies were addressed, Graeber–Raley decided to terminate Janik. She offered her the option of resigning, but Janik walked off the job and never returned.

Janik contends she told Graeber–Raley she needed additional help to complete her job (processing worker's compensation claims) and, if she didn't get it, she and her supervisor would resign and their story would be in the newspapers. Janik contends Graeber–Raley began to micromanage her work and engaged in a series of actions designed to harass her. Janik further alleges Graeber–Raley intended from the outset to replace her with a younger Hispanic woman, and

that the reasons offered for her termination were merely pretext.

Janik immediately engaged an attorney; she did not pursue any administrative remedies before filing suit. She contends she was unaware of the grievance procedure and was never informed about it until well after the deadline to file a grievance had passed.

### Exhaustion of Remedies

■ Texas law requires an aggrieved party to exhaust administrative remedies if the subject matter concerns administration of school laws and involves questions of fact. *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90–91 (Tex.1992). Resolution of Janik's state constitutional claims requires resolution of fact issues. Accordingly, she is required to exhaust her administrative remedies before resorting to the courts, unless an exception to this requirement applies to her. *See Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 688 (Tex.App.—Tyler 1996, no writ).

### 1. Constitutional Exception

■ In point of error one, Janik contends she was not required to exhaust her administrative remedies because her action is grounded in the constitution. When an employee asserts a federal constitutional claim, she need not first resort to the administrative process. *Cypress–Fairbanks*, 830 S.W.2d at 91, n. 3; *Carrillo v. Anthony Indep. Sch. Dist.*, 921 S.W.2d 800, 804 (Tex. App.—El Paso 1996, no writ). Janik contends this right of bypass is equally applicable to state constitutional claims. We do not agree. In *Hicks v. Lamar Consolidated Independent School District*, 943 S.W.2d 540, 543 (Tex.App.—Eastland 1997, no writ), the Eastland court confronted this precise argument; it determined that resolution of the issue lies in the doctrine of federal preemption. The court concluded that federal constitutional claims involving only questions of law, not questions of fact, bypass the requirement of exhaustion of administrative remedies not because the claims are constitution-

al, but because they are federal. *Id.* at 542–43. We agree, and adopt this interpretation.

We overrule point of error one.

### 2. Other Exceptions

 In point of error two, Janik contends various other exceptions to the requirement of exhaustion of remedies apply to her. In her brief, she cites cases enumerating the various exceptions available (inadequacy of administrative remedies, irreparable harm if administrative remedies must first be exhausted, actions beyond an official's scope of authority, and no action by the board of trustees) and argues she meets each exception. Although she argues the applicability of these exceptions on appeal, she did not make these arguments to the trial court. She did not argue any exception in her amended pleadings, her response to defendant's plea to the jurisdiction, or her response to defendant's motion to strike the pleadings. She did not meet her obligation to plead an exception to the requirement establishing that the trial court had jurisdiction. *See Richardson v. First Nat'l Life Ins. Co.,* 419 S.W.2d 836, 839 (Tex.1967).

Janik also argues Graeber–Raley and LISD should be estopped from compelling her to exhaust her administrative remedies because they never informed her of the required procedure. In *Washington,* the plaintiff also argued the school district should be estopped by its failure to advise her to pursue administrative remedies before filing suit. 932 S.W.2d at 689. The court held that while such allegations may have created a fact issue regarding estoppel, such a dispute cannot confer jurisdiction on a trial court. *Id.* at 690. We agree.

We overrule point of error two.

### 3. Standard of Review

In point of error three, Janik relies upon *Texas Association of Business v. Air Control Board,* 852 S.W.2d 440, 446 (Tex.1993), to argue that this Court must construe the pleadings in her favor and must look to her intent. This is an accurate statement of the law; however, even assuming all of Janik's pleadings are true, she alleged neither ex-

haustion of remedies nor an exception to the requirement.

We overrule point of error three.

We affirm the judgment.