**CITY OF ODESSA, Petitioner,**

v.

**William G. BARTON, Respondent.**

No. 97–0323.

Supreme Court of Texas.

Argued Dec. 3, 1997.

Decided April 14, 1998.

Rehearing Overruled June 23, 1998.

Ken Johnson, James M. O'Leary, Odessa, for Petitioner.

Allen R. Stroder, Odessa, for Respondent.

HANKINSON, Justice, delivered the opinion for a unanimous Court.

The trial court rendered a $150,000 judgment on a jury verdict against the City of Odessa for breach of an employment contract, and the court of appeals affirmed the judgment. 939 S.W.2d 707. The issue we decide is whether a City employee may sue the City for breach of contract damages when an employment manual, conferring "just-cause" status, limits the employee to administrative review of adverse employment decisions. Because the City limited its employees to administrative review and the plaintiff, William Barton, agreed to be bound by that limitation, we conclude that Barton cannot sue for breach of contract damages for wrongful termination. Accordingly, we reverse and render judgment that Barton take nothing.

Barton worked for the City of Odessa as a swimming pool specialist. By ordinance, the City adopted the Odessa Personnel Policies and Procedure Manual, conferring on certain employees, including Barton, just-cause status. The manual provided that the City could discharge a just-cause employee only for violating certain delineated policies and in accordance with a prescribed two-step termination process. The manual also specified that any employee who continued to work for the City for thirty days after the City Council adopted the manual was deemed to have accepted the manual's employment terms. Barton continued to work for the City and is therefore deemed to have agreed to the benefits and limitations set out in the manual.

The City later sought to terminate Barton's employment. Following the guidelines for the pretermination process, *see* THE CITY OF ODESSA PERSONNEL POLICIES AND PROCEDURES MANUAL § 9, ¶¶ 4 & 5, Barton's supervisor held an informal, tape-recorded hearing; Barton appeared and participated.

After the hearing, the supervisor discharged Barton in a written order. Barton then timely requested a post-termination hearing in accordance with the manual. The manual specified that a three-member panel conduct a post-termination hearing, and that the employee could be represented by counsel and could call and cross-examine witnesses. *Id.* at ¶ 4. The panel could decide that the employee should not be terminated or otherwise disciplined and require that the employee be restored to his or her former position with no loss of salary or other benefits. *Id.* at ¶ 5. Barton appeared on his own behalf during the hearing, but at some point he became angry and left. The panel stopped the hearing and never issued a final order.

A year later, Barton filed this breach of contract action against the City for damages, alleging that it "discharged [him] in the absence of just cause." Barton further averred that "[b]y reason of [the City's] breach of the employment agreement . . . [he] is entitled to recover from [the City] all compensation payments accrued as of [the] date of Judgment plus interest." Barton did not pray for judicial review of the City's decision, or otherwise request that the City be ordered to comply with the manual's terms. A jury found the City did not have just cause to fire Barton and awarded him $150,000. The trial court rendered judgment on the verdict. The court of appeals affirmed the trial court's judgment, holding, among other things, that Barton had a claim for breach of contract independent of any claim for judicial review of the City's administrative action. 939 S.W.2d at 713.

■ Texas is an employment-at-will state; subject to exceptions not relevant in this case, employment is terminable at any time by either party, with or without cause, absent an express agreement to the contrary. *See Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex.1993); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991); *East Line & R. R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888). An employer may modify the employment terms of the at-will status of its employees. *See Hathaway v. General Mills, Inc.,* 711 S.W.2d 227, 229 (Tex.1986). Here, in its employment manual, the City of Odessa conferred the benefit of just-cause status on its employees, while at the same time limiting their remedy upon termination to administrative review.

■ The City could not alter the employment terms, however, without employee notice and acceptance of the modifications. *See Hathaway,* 711 S.W.2d at 229. When an employee continues working with knowledge of changes to the employment relationship, he or she accepts the modified terms as a matter of law. *See id.* (deciding that when an "employer notifies an employee of changes to its employment terms, the employee must accept the new terms or quit"). Because Barton continued his employment after the City promulgated the manual, he accepted both his new justcause status and administrative review as his exclusive remedy for challenging adverse employment decisions. *See Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892, 895 (1960)(explaining that one who "receives and accepts benefits under the contract . . . is bound by the terms of the contract").

The parties agree that the manual modified Barton's at-will status. It is equally clear that the manual limited Barton's remedy to administrative review. For example, the manual states that violating or failing to follow any rule or procedure in the employment manual "shall not form a basis for any civil or criminal action . . . and the administrative remedy is the exclusive remedy." THE CITY OF ODESSA PERSONNEL POLICIES AND PROCEDURES MANUAL § 9, ¶ 2. The manual also states, "[n]o right of appeal shall lie from the hearings panel's decision, which shall be final." *Id.* at § 9, ¶ 4.

Despite this language purporting to preclude an appeal, the City concedes that by conferring just-cause status on certain of its employees, it established a property right in their continued employment. *See Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy,* 514 S.W.2d 237, 239 (Tex.1974) (clarifying that an inherent right of appeal from an administrative decision exists when a vested property right is threatened). Thus, although Barton did not seek judicial review of the City's administrative action from the trial court, we note that he clearly could have

**836**

done so if he had so chosen. As Barton did not pursue judicial review of the City's administrative decision, however, we do not determine the scope of review that would be appropriate.

Nevertheless, relying on *Dallas Area Rapid Transit v. Plummer*, 841 S.W.2d 870 (Tex. App.—Dallas 1992, writ denied), the court of appeals held that Barton could bring an independent contract action for damages. In *Plummer*, however, the employee did not seek damages for his wrongful termination, but rather alleged that DART breached its contract with him by failing to comply with an administrative board's reinstatement order. While Barton could have sued the City for specific performance to compel the administrative appeals board to render a decision and later petitioned the trial court for judicial review, he instead sought to have a jury decide in the first instance whether the City had just cause to terminate him. Although we are mindful of Barton's frustration with the City's administrative procedures, he accepted them as his exclusive remedy when he accepted his just-cause status and agreed to be bound by the City's employment manual. Barton's only recourse in the trial court was to seek judicial review of the City's failure to render an administrative decision to dismiss him.

Thus, although the manual granted Barton the benefit of just-cause status, it also subjected all complaints about adverse employment decisions to administrative review. We therefore conclude that Barton's sole recourse under the terms of the parties' agreement was an administrative appeal of his termination. He could not bring an independent claim for breach of contract damages. Accordingly, we reverse and render judgment that Barton take nothing.