Lester GIBSON, et ux., et al., Appellants,

v.

WACO INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 10–98–136–CV.

Court of Appeals of Texas,
Waco.

July 24, 1998.

Michael B. Roberts, Waco, for appellant.

Phillip E. McCleery, Sheehy, Lovelace & Mayfield, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

In 1997, the Waco Independent School District Board of Trustees ("WISD") adopted a new policy regarding the promotion of students in grades one through eight. To be promoted under the new policy, students must demonstrate proficiency of the subject matter of their respective grade levels by maintaining a passing grade in each of the pertinent subject areas and by receiving a satisfactory score on one of two standardized assessment tests—the Iowa Test of Basic Skills ("ITBS") for first and second graders and the Texas Assessment of Academic Skills Test ("TAAS") for third through eighth graders.[1]

Appellants filed suit alleging that the new policy: violates the equal rights and due course of law provisions of the Texas Constitution, section 39.030 of the Education Code, and section 552.101 of the Open Records Act; and was adopted in violation of the Open Meetings Act. Appellants asked the court below to issue: an *ex parte* temporary restraining order directing WISD not to implement the new policy; a temporary injunction to that effect after a hearing; and a permanent injunction at the conclusion of the trial on the merits. WISD filed a motion to dismiss for want of jurisdiction claiming that Appellants failed to exhaust their administrative remedies before filing suit. After a hearing, the court granted WISD's motion as to all of Appellants' claims except the open

meetings claim.[2] This interlocutory appeal ensued.

## APPLICABLE LAW

### STANDARD OF REVIEW

WISD urges us to affirm the judgment if it can be upheld on any theory of law supported by the record. Thus, in addition to the jurisdictional issues presented, they urge us to examine whether this cause is ripe for adjudication and whether Appellants have standing to bring this action.

When we consider an appeal from a dismissal for want of jurisdiction however, we must "construe the petition in favor of the [plaintiff], and if necessary, review the entire record to determine if any evidence supports [the lower court's jurisdiction to hear the cause]." *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Hicks v. Lamar Consol. Indep. Sch. Dist.*, 943 S.W.2d 540, 543 (Tex.App.—Eastland 1997, no writ); *see also* W. Wendall Hall, *Standards of Review in Texas*, 29 ST. MARY'S L.J. 351, 372–73 (1998).

Assuming without deciding that we can address ripeness and standing in this appeal, we note that WISD failed to raise either of these issues in its motion to dismiss Appellants' suit. *See* TEX.R.APP. P. 33.1(a)(1)(B). Moreover, the court below neither expressly nor impliedly ruled on ripeness or standing. *Id.* 33.1(a)(2)(A). For these reasons, we conclude that these issues have not been properly preserved for our review.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ Texas law generally requires a party to exhaust available administrative remedies before turning to the courts for relief. *City of Odessa v. Barton*, 939 S.W.2d 707, 710 (Tex.App.—El Paso 1997), *rev'd on other grounds*, 967 S.W.2d 834 (1998); *Harris County Appraisal Dist. v. Dincans*, 882

---

1. Pursuant to section 25.092 of the Education Code, WISD also requires students to be in attendance at least 90 percent of the days a class is offered before they can be given credit for the class. *See* TEX. EDUC.CODE ANN. § 25.092(a) (Vernon 1996).

2. The court concluded that a plaintiff need not seek administrative review of an open meetings claim before filing suit. Accordingly, the court dismissed Appellants' claims with the exception of the open meetings claim which is "to be carried forward at some future time."

S.W.2d 75, 77 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Section 7.057 of the Education Code provides an administrative appeal to the Commissioner of Education for persons aggrieved by actions or decisions of a school board which violate the school laws of Texas. *See* Tex. Educ.Code Ann. § 7.057(a)(2)(A) (Vernon 1996). The courts have construed this provision to mean that such persons must exhaust their statutorily-provided administrative remedies with the Commissioner if their claim: (1) concerns the administration of school laws; and (2) involves disputed fact issues. *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323 (Tex.App.—Houston [1st Dist.] 1997, writ denied) (citing *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90–91 (Tex.1992)); *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex.App.—Dallas 1994, writ denied) (citing *Mission Indep. Sch. Dist. v. Diserens*, 144 Tex. 107, 111, 188 S.W.2d 568, 570 (1945)).

### Exceptions to the Exhaustion of Remedies Doctrine

The courts have recognized exceptions to the doctrine of exhaustion of administrative remedies. Appellants assert that the following are recognized exceptions to the exhaustion doctrine which apply in their case:

- where an injunction is sought and irreparable harm would result;
- where the administrative agency cannot grant the requested relief;
- where the school board has acted without authority; and
- where constitutional issues are involved.

### 1. Irreparable Harm and Inability of Administrative Agency to Grant Requested Relief

■ "If irreparable harm will be suffered and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction in order to provide an adequate remedy." *Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex.1987); *accord Jones*, 872 S.W.2d at 296; *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex. App.—Houston [14th Dist.] 1991, writ de-nied). A party shows irreparable harm by establishing that a later award of monetary damages will not provide adequate compensation. *Houston Fed'n*, 730 S.W.2d at 646; *Mitchison*, 803 S.W.2d at 773. The Commissioner of Education lacks the authority to grant immediate injunctive relief. *Houston Fed'n*, 730 S.W.2d at 646; *Mitchison*, 803 S.W.2d at 773.

### 2. Action Taken Without Authority

■ Texas courts for decades have recognized that an aggrieved party need not first pursue administrative remedies if the action complained of was taken without authority or in violation of a statute. *See Palmer Publ'g Co. v. Smith*, 130 Tex. 346, 349, 109 S.W.2d 158, 159 (1937); *Freeport Indep. Sch. Dist. v. Common Sch. Dist. No. 31*, 115 Tex. 133, 141–42, 277 S.W. 97, 99 (1925); *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 688 (Tex.App.—Tyler 1996, no writ); *Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246, 249 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Bear v. Donna Indep. Sch. Dist.*, 74 S.W.2d 179, 180 (Tex.Civ.App.—San Antonio 1934, writ ref'd). A careful review of these authorities suggests that this "exception" is really nothing more than the converse of the general rule stated above (*i.e.*, that aggrieved persons must exhaust their administrative remedies when the contested action involves disputed fact issues).

Stated another way, an aggrieved party need not exhaust his administrative remedies when the issue presented is purely a question of law. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 892 (Tex.1986); *Diserens*, 144 Tex. at 111, 188 S.W.2d at 570; *Washington*, 932 S.W.2d at 688; *Benavides*, 681 S.W.2d at 248. The issue of whether a particular action was taken without authority or violates a statute is generally a question of law. *See Diserens*, 144 Tex. at 111, 188 S.W.2d at 570; *Benavides*, 681 S.W.2d at 248.

### 3. Constitutional Issues

■ Some courts have held that when an aggrieved party challenges a school board action on constitutional grounds, that party need not first exhaust his administrative

remedies. *See Cypress–Fairbanks,* 830 S.W.2d at 91 n. 3; *Roberts v. Hartley Indep. Sch. Dist.,* 877 S.W.2d 506, 508 (Tex.App.— Amarillo 1994, writ denied); *Jones,* 872 S.W.2d at 296. However, a careful reading of these cases reveals that this constitutional exception has usually been limited to cases in which a party has asserted a federal constitutional claim or a claim under Title 42 of the United States Code. *See Janik,* 961 S.W.2d at 323–24; *Hicks,* 943 S.W.2d at 542.

In *Cypress–Fairbanks,* employees of four different school districts initiated administrative proceedings with the Commissioner of Education to resolve unrelated employment disputes. The school districts sought judicial relief when the Commissioner denied their motions that he limit his review to whether substantial evidence existed to support the actions taken by the districts. The parties asked the Supreme Court to decide whether the Commissioner had the authority to consider state and federal constitutional claims and Title 42 claims. The Court concluded that the Commissioner did have the authority to at least "consider whether the school districts' actions were invalid because they violated federal law ... even if he [could not] finally adjudicate [such claims] or grant full relief." *Cypress–Fairbanks,* 830 S.W.2d at 91. Because the Commissioner had such authority, the Court determined that the school districts had to exhaust their administrative remedies with the Commissioner before seeking judicial relief. *Id.* at 90–91. Notwithstanding this conclusion however, the Court noted:

> [T]he employees' Title 42 and constitutional claims are not affected by the doctrine of exhaustion of administrative remedies such that they must be originally considered by the TEA. Because of the nature of such claims, prior resort to the administrative process is not usually required.

*Id.* at 91 n. 3.

The Court's recognition in *Cypress–Fairbanks* of the Commissioner of Education's authority to consider constitutional and federal claims has been severely limited by the Legislature, however. In that case, the Court construed the former section 11.13(a) of the Education Code which provided in pertinent part:

> [P]ersons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education....

Act of Aug. 26, 1986, 69th Leg., 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 10 (repealed 1995) (current version at TEX. EDUC.CODE ANN. § 7.057(a) (Vernon 1996)). The Court observed that under section 11.13(a) a person could file an appeal with the Commissioner if he had a claim "arising under the school laws of Texas" or if he had been aggrieved by actions or decisions of any board of trustees. *Cypress–Fairbanks,* 830 S.W.2d at 90–91. The Court concluded that the employees' constitutional and Title 42 claims fell within this latter category.

The current statute provides in pertinent part that a person may file an appeal with the Commissioner if the person is aggrieved by actions or decisions of a school board which violate:

- the school laws of this state; or
- a provision of a written employment contract.

TEX. EDUC.CODE ANN. § 7.057(a)(2) (Vernon 1996). The statute defines the "school laws of this state" to be Titles 1 and 2 of the Education Code and rules adopted thereunder. *Id.* § 7.057(f)(2) (Vernon 1996). As recognized by the Court in *Cypress–Fairbanks,* constitutional and Title 42 claims do not arise under the "school laws of this state." *Cypress–Fairbanks,* 830 S.W.2d at 90. Moreover, the current statute does not provide a "general" appeal to persons aggrieved by school board actions. *Cf. id.,* 830 S.W.2d at 90–91.

For these reasons, section 7.057(a) does not provide an administrative appeal for state or federal constitutional challenges to the actions or decisions of a school board. Therefore, an aggrieved party has no administrative remedy available to resolve such claims. Accordingly, a party need not seek administrative relief before filing a suit which raises constitutional challenges to actions or

decisions of a school board. *Cf. Barton*, 939 S.W.2d at 710 (a party must exhaust *available* administrative remedies before seeking judicial relief).

## APPLICATION

### 1. Irreparable Harm

■ WISD began implementation of the policy in issue before Appellants filed suit. According to Appellants' pleadings, the District mailed notices "of possible retention" in April 1998 to parents of children who were considered "at risk of retention" based on projected assessment test scores. Appellants attached three such notices as exhibits to their original petition. The notifications are apparently based on test scores from a preliminary assessment test taken by the students in March 1998. The WISD superintendent testified that the district had mailed these notices to the parents of 2,900 students.

It is undisputed that the Commissioner of Education has no authority to grant injunctive relief. *Houston Fed'n*, 730 S.W.2d at 646; *Mitchison*, 803 S.W.2d at 773. Thus, the Commissioner cannot enjoin WISD from fully implementing its promotion policy until such time as the propriety of that policy has been determined. Moreover, it cannot be argued that monetary damages could remedy the wrongful retention of students if such retention is based on an unlawful policy.

Construing Appellants' pleading in their favor, we conclude that the pleadings show Appellants might suffer irreparable harm because the Commissioner is unable to provide injunctive relief to forestall the implementation of the complained-of policy until such time as the propriety of that policy has been determined.[3] *See Texas Air Control Bd.*, 852 S.W.2d at 446; *Hicks*, 943 S.W.2d at 543; *see also* Hall, *supra*, 29 ST. MARY'S L.J. at 372–73. Thus, Appellants' pleadings demonstrate that their suit falls within the irreparable-harm exception to the exhaustion of administrative remedies doctrine. *See Houston*

*Fed'n*, 730 S.W.2d at 646; *Mitchison*, 803 S.W.2d at 773.

### 2. Action Taken Without Authority

■ Appellants petition alleges that the complained-of policy is not authorized by section 39.030 of the Education Code or section 552.101 of the Open Records Act. *See* TEX. EDUC.CODE ANN. § 39.030 (Vernon 1996); TEX. GOV'T CODE ANN. § 552.101 (Vernon 1994). The parties do not dispute the content or requirements of the policy. Thus, these allegations present pure questions of law on whether the policy violates the provisions of these statutes. Accordingly, Appellants' pleadings demonstrate that the exhaustion of administrative remedies doctrine does not apply to these allegations because no disputed fact issues are involved. *See Diserens*, 144 Tex. at 111, 188 S.W.2d at 570; *Janik*, 961 S.W.2d at 323; *Jones*, 872 S.W.2d at 296.

### 3. Constitutional Issues

■ Appellants allege in their petition that the policy in issue violates the equal rights and due course of law provisions of the Texas Constitution. *See* TEX. CONST. art. I, §§ 3, 19. Section 7.057(a) provides an administrative appeal only for school board actions which violate Texas school laws or a provision of a written employment contract. TEX. EDUC.CODE ANN. § 7.057(a)(2). Constitutional claims, state or federal, are not claims under Texas school laws. *See Cypress–Fairbanks*, 830 S.W.2d at 90. Thus, Appellants have no administrative appeal available to them in which they can assert their constitutional claims. Accordingly, they can seek judicial review of these constitutional issues because they have no administrative remedy. *Cf. Barton*, 939 S.W.2d at 710.

## CONCLUSION

Construing Appellants' pleadings in their favor, we conclude their pleadings demonstrate that the court below has jurisdiction of their claims because the Commissioner of Education cannot grant injunctive relief and

---

3. We express no opinion on whether Appellants will in fact suffer irreparable harm. This is an

issue the trial court must decide.

their pleadings suggest they are faced with irreparable harm; because they have presented pure questions of law concerning whether the policy violates the provisions of section 39.030 of the Education Code or section 552.101 of the Open Records Act; and because they assert constitutional challenges to the policy they seek to set aside.

In the event of reversal, Appellants have asked this Court to temporarily enjoin the full implementation and enforcement of the policy at issue until the trial on the merits is conducted. This Court is not unmindful that the policy at issue is unique among the school districts of Texas and that almost 3,000 children could be adversely affected by the policy if fully implemented.

However, this Court can only issue such writs as are necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 1988); *see also* TEX.R.APP. P. 29.3 (appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of interlocutory appeal). Thus, we may issue a temporary injunction only to preserve the subject matter of the case pending appeal and to prevent the appeal from becoming moot. *Parsons v. Galveston County Employees Credit Union,* 576 S.W.2d 99, 99 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Nelson v. Blanco Indep. Sch. Dist.,* 386 S.W.2d 636, 637 (Tex. Civ.App.—Austin, order), *disp. on merits,* 390 S.W.2d 361 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.). We cannot issue an injunction "wholly on equitable grounds." *Nelson,* 386 S.W.2d at 637; *see also Parsons,* 576 S.W.2d at 99 (appellate court has no power to issue injunction "solely to protect a party from damage pending appeal"). For these reasons, we are powerless to grant the equitable relief requested by Appellants.

We reverse the judgment and remand this cause for further proceedings consistent with this opinion. Because this is an accelerated appeal, this Court will entertain no motions for rehearing. *See* TEX.R.APP. P. 49.4.