v03300.cp1















NUMBER 13-03-300-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ANDRES MARTINEZ,                                                                  Appellant,

v.

DONNA INDEPENDENT
SCHOOL DISTRICT,                                                                   Appellee.
                                                                                                                                      

On appeal from the 275th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          By three issues, appellant, Andres Martinez, challenges the trial court’s orders
denying his plea to the jurisdiction and granting summary judgment in favor of appellee,
Donna Independent School District (“the District”). We reverse the trial court’s order
denying appellant’s plea to the jurisdiction and dismiss the suit for lack of subject matter
jurisdiction. 
          In his first issue, appellant contends the trial court erred in denying his plea to the
jurisdiction. Specifically, appellant argues the trial court lacked subject matter jurisdiction
over this lawsuit because: (1) the District failed to exhaust its administrative remedies; and
(2) the Commissioner of Education has primary jurisdiction over the issues of fact and law
at issue in this controversy.
          Because jurisdiction is a question of law, we review the trial court’s ruling on a plea
to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998). We apply the de novo standard to both the granting of a plea to the jurisdiction and 
to the denial of such a plea. Godley Indep. Sch. Dist. v. Woods, 21 S.W.3d 656, 658 (Tex.
App.–Waco 2000, pet. denied, (citing City of Houston v. Morua, 982 S.W.2d 126, 127 (Tex.
App.–Houston [1st Dist.] 1998, no pet.)).
          A plea to the jurisdiction may be an appropriate vehicle for raising a failure-to-exhaust-administrative-remedies challenge to a plaintiff’s suit. Id. (citing Grounds v. Tolar
Indep. Sch. Dist., 707 S.W.2d 889, 893 (Tex. 1986)). Generally, under Texas law, an
aggrieved party, whose claim relates to the administration of school laws and involves
disputed fact issues, must exhaust his administrative remedies with the Commissioner of
Education before turning to the courts for relief. Jones v. Clarksville Indep. Sch. Dist., 46
S.W.3d 467, 471 (Tex. App.–Texarkana 2001, no pet.); Caramanian v. Houston Indep.
Sch. Dist., 829 S.W.2d 814, 816 (Tex. App.–Houston [14th Dist.] 1992, no pet.); see Tex.
Educ. Code Ann. § 7.057 (Vernon Supp. 2004).


 However, there are four exceptions to this
general rule. Harlandale Indep. Sch. Dist. v. Rodriguez, 121 S.W.3d 88, 91-92 (Tex.
App.–San Antonio 2003, no pet.).
          First, exhaustion of administrative remedies is not required where the aggrieved
party will suffer irreparable harm. Houston Federation of Teachers v. Houston Indep. Sch.
Dist., 730 S.W.2d 644, 646 (Tex. 1987). Second, an exception to the requirement of
pursuing administrative relief is found where the claims are for a violation of constitutional
or federal statutory rights. Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830
S.W.2d 88, 90-91 (Tex. 1992); Nueces County v. Nueces County Civil Serv. Comm'n, 909
S.W.2d 597, 598 (Tex. App.–Corpus Christi 1995, no pet.). Third, exhaustion of
administrative remedies is not required where the cause of action involves pure questions
of law and the facts are undisputed. Janik v. Lamar Consol. Indep. Sch. Dist., 961 S.W.2d
322, 323-24 (Tex. App.–Houston [1st Dist.] 1997, pet. denied); Ball v. Kerrville Indep. Sch.
Dist., 504 S.W.2d 791, 794 (Tex. Civ. App.–San Antonio 1973, pet. ref'd n.r.e.). Fourth,
an aggrieved party is not required to exhaust administrative remedies where the
Commissioner of Education lacks jurisdiction. Tex. Educ. Agency, 830 S.W.2d at 90-91. 
          The District argues that exhaustion of administrative remedies is not required in the
instant case because the Commissioner of Education has no jurisdiction. Specifically, the
District argues that in this case, it seeks a declaratory judgment that a judgment in cause
number CL-37,290-D, styled Rudy Salinas v. Donna Independent School District, in County
Court-at-Law No. 4, Hidalgo County, Texas (“Salinas”), is a valid order voiding the District’s
contract with Martinez and that the judgment in Salinas is binding upon Martinez.


 The
District argues that in Salinas, the county court-at-law properly determined the District’s
contract with Martinez void on grounds that the District failed to comply with provisions of
the Texas Open Meetings Act


 and the Texas Open Records Act.


 Thus, the District
argues, the Commissioner of Education has no jurisdiction when a court has determined
that no contract exists.


 
          We also interpret the District’s argument that the Commissioner lacks jurisdiction
because no contract exists as contending that the third exception to the requirement of
pursuing administrative relief applies. The District contends, essentially, that the issues
of whether violations of the Texas Open Meetings Act and Texas Open Records Act
occurred are pure questions of law, which were properly determined in Salinas. 
          The District cites Gibson v. Waco Indep. Sch. Dist., 971 S.W.2d 199, 201 (Tex.
App.–Waco 1998), vacated on other grounds, 22 S.W.3d 849, 851 (Tex. 2000), in support
of its argument that administrative remedies need not be exhausted when violation of a
statute is involved. In Gibson, the plaintiffs challenged the school board’s adoption of a
new promotion policy on various grounds, including claims that the policy violated the
education code, the Open Records Act, and that it was adopted in violation of the Open
Meetings Act. See id. at 200. The Gibson court found that exhaustion of administrative
remedies was not required because the plaintiffs: (1) pled irreparable harm and the
Commissioner of Education lacked authority to grant injunctive relief; (2) presented pure
questions of law regarding whether the challenged policy violated the statutes; and (3) 
asserted constitutional challenges to the policy. See id. at 203-04.
          We find the District’s reliance on Gibson to be misplaced. The Gibson court found
that exhaustion of administrative remedies was not required because three of the four
exceptions to the doctrine were applicable. See id. Moreover, we find the District’s
argument that its contract with Martinez is void to be without merit. We hold that the
District failed to establish the applicability of any of the exceptions to the exhaustion-of-remedies requirement because it failed to establish that any violation of a statute occurred. 
          Accordingly, we hold that the Commissioner of Education has jurisdiction over this
case pursuant to section 7.057 of the education code. See Tex. Educ. Code Ann. § 7.057
(Vernon Supp. 2004).


 We hold that the trial court erred in denying appellant’s plea to the
jurisdiction. We REVERSE the trial court’s orders denying appellant’s plea to the
jurisdiction and granting summary judgment to appellee, and DISMISS this cause for lack
of subject matter jurisdiction. 
 
                                                                                                             
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Memorandum opinion delivered
and filed this the 19th day of August, 2004.