

NUMBER 13-09-00577-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT E. BOLKCOM,                                                        Appellant,

v.

CAMERON APPRAISAL DISTRICT,                                          Appellee.

### On appeal from the 103rd District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Chief Justice Valdez

This appeal involves a tax dispute between pro se appellant, Robert E. Bolkcom,

and appellee, Cameron Appraisal District ("the District"). After conducting a hearing, the

trial court found that Bolkcom failed to exhaust his administrative remedies and dismissed

the suit for lack of jurisdiction. By three issues, Bolkcom argues that: (1) he was denied due process; (2) he was denied the opportunity to protest the "certification of Thomas Sims" as the "responsible taxpayer"; and (3) the trial court has jurisdiction over his dispute with the District. We affirm.

## I. BACKGROUND

On March 19, 2009, Bolkcom filed suit against the District alleging "negligence," "dereliction of duty," and "accountability" arising from a "clerical error" regarding the District's appraisal of property and taxes allegedly owed on property in which Bolkcom claimed to be part-owner.[1] In his original petition, Bolkcom alleged that "efforts to correct [his tax concern] have been attempted through administrative process (appraisal review board) and failed . . . ." Although Bolkcom attached "exhibits" to his petition, he did not

---

[1] Bolkcom's original petition sets forth the following "applicable facts":

1. I am Robert E[.] Bolkcom[,] a U.S. citizen, Cameron Co. Taxpayer, and partial owner of block 13, the social and recreational (common element) of Las Palmas I, a condominium located at [sic] Brownsville, Texas and I am proceeding as plaintiff (litigant pro se). The claims of this lawsuit are based upon the denial of my rights to due process and as a consequence, benefits available to me as set forth in the Texas Property Tax Code.

2. The Cameron District Appraisal office at nearby San Benito (defendant) at its inception in 1982 denied me those rights when it erred in certifying Thomas I[.] Sims as the responsible taxpayer for 89% of block 13. . . . and withheld knowledge of it from me for the next 23 years. That property was and is a common element of Las Palmas I, and required to be specifically classified under the Texas Condominium [A]ct of 1981. Defendant is commanded by chapter 23.18 to classify all condominiums that qualify as special assessment parcels (and Las Palmas I was a perfect example to include). They acted upon an improper interpretation of the Las Palmas I documents[ ] and have refused to acknowledge or correct it for the past 26 years. This mistake must be considered a "clerical error" and requires judicial process to [i]nterpret because it involves a determination of fact from a declaration filed under the Texas Cond[o]minium Act of 1981.

Bolkcom later asserts:

4. This error has been brought to the defendant[']s attention formally and informally (in person and in writing) over a period of the last [f]our years and the matter has been received with indifference and silence on every occasion. Efforts to correct it have been [a]ttempted through [a]dministrative process (appraisal review board) and failed because of a lack of comprehension of law. . . .

2

attach documents indicating that he had exhausted or attempted to exhaust his administrative remedies.

The District: (1) generally denied Bolkcom's allegations; (2) asserted governmental immunity; (3) specially excepted to Bolkcom's failure to state a cause of action upon which relief might be granted; and (4) filed a plea to the jurisdiction alleging that the court lacked jurisdiction over any claims not authorized by the tax code and that Bolkcom had not exhausted the required administrative remedies. Bolkcom filed a "Response to Defendant's Original Answer"; however, the response does not indicate that Bolkcom exhausted his administrative remedies or to what extent he pursued his grievance with the appraisal review board.

On August 12, 2009, both parties appeared for a hearing before the trial court. At the hearing, Bolkcom stated that he had filed a protest and appeared before the appraisal review board. Bolkcom then stated that a protest hearing was held but the appraisal review board "never acknowledged [his protest]; all they did was look up at the ceiling." Bolkcom provided no evidence to support his assertion that a protest hearing was held. The trial court granted the District's plea to the jurisdiction. This appeal ensued.

## II. JURISDICTION

### A. Applicable Law

A plea to the jurisdiction challenges the district court's authority to determine a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). To invoke a court's authority, a plaintiff must allege facts that affirmatively demonstrate that the court has jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Courts must consider evidence when necessary to decide

3

jurisdictional issues. *Id.* at 221; *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Blue*, 34 S.W.3d at 554-55. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, a district court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. We review de novo the grant of a plea to the jurisdiction. *Id.* at 226.

A district court has "exclusive, appellate and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate and original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. The administrative review process is intended to resolve the majority of tax protests at the administrative level and to relieve the burden on the court system. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *Webb County Appraisal Dist. v. New Laredo Hotel*, 792 S.W.2d 952, 954 (Tex. 1990). Judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent. *See Rourk*, 194 S.W.3d at 502. If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject-matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. Tex. Gov't Code Ann. § 2001.171 (Vernon 2008); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002).

4

Denial of due process is one exception to the general rule requiring exhaustion of administrative remedies before judicial intervention.[2] *See Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 201-02 (Tex. App.–Waco 1998), *vacated on other grounds*, 22 S.W.3d 849, 851 (Tex. 2000). The constitutional claim exception to the exhaustion of administrative remedies doctrine was created to protect property owners from the loss of property without an opportunity to be heard at the administrative level and without recourse to judicial review. *Denton Cent. Appraisal Dist. v. C.I.T. Leasing Corp.*, 115 S.W.3d 261, 266 (Tex. App.–Fort Worth 2003, pet. denied). The collection of taxes constitutes a deprivation of property; accordingly, a taxing unit must afford a property owner due process of law and must provide meaningful relief to rectify any unconstitutional deprivation. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 31 (1990). At a minimum, due process requires notice and a fair opportunity to be heard. *Id.* at 37. In tax cases, Texas courts have held that due process is satisfied if the taxpayer is given an opportunity to be heard before an assessment board at some stage of the proceedings. *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.*, 137 S.W.3d 146, 155 (Tex. App.–Houston [1st Dist.] 2004, no pet.); *C.I.T. Leasing Corp.*, 115 S.W.3d at 266.

## B.    Analysis

By his third issue, Bolkcom asserts that the trial court had jurisdiction over his tax

---

[2] Without exhaustion of administrative remedies, the trial court's order granting the plea to the jurisdiction is only improper if Bolkcom's case falls into one of five exceptions: (1) an administrative agency purports to act outside its statutory powers; (2) the issue presented is purely a question of law; (3) certain constitutional issues are involved; (4) the administrative remedies are inadequate and the exhaustion of administrative remedies would cause irreparable injury; and (5) failure to provide Bolkcom notice of appraised property value deprives the District of jurisdiction and voids the appraisal. *Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 201-02 (Tex. App.–Waco 1998), *vacated on other grounds*, 22 S.W.3d 849, 851 (Tex. 2000).

issue.[3] We disagree.

The trial court makes its determination of jurisdiction based upon what is presented in the pleadings and at the hearing. *See Blue*, 34 S.W.3d at 555. Although the trial court may not consider the merits of the underlying claims when determining jurisdiction, it is appellant's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *See Blue*, 34 S.W.3d at 554; *Miranda*, 133 S.W.3d at 226.

In his original petition, Bolkcom alleged that "efforts to correct [his tax issue] have been attempted through administrative process (appraisal review board) and failed." The District filed an answer combined with a plea to the jurisdiction to which Bolkcom responded; however, Bolkcom's response did not address the issue of jurisdiction, set forth facts, or provide evidence supporting the allegation that he exhausted his administrative remedies. Moreover, at the August 12, 2009 hearing, the trial court sought to determine whether Bolkcom had exhausted his administrative remedies by inquiring into Bolkcom's alleged appearance before the appraisal review board. In response, Bolkcom merely stated that he appeared before the appraisal review board, but that the appraisal review board "made no record of it." Bolkcom presented no evidence to support this assertion. On appeal, however, Bolkcom asserts that he has "copies [o]f the presentation before the [appraisal review board] (which was recorded electronic [sic] and was [t]aken under oath)," which appears to undermine his statement that the appraisal review board failed to make a record of the hearing. In any event, Bolkcom has not presented either the trial court or this Court with a copy of the alleged presentation. Upon review of the record before us, we conclude that Bolkcom has failed to allege facts that affirmatively demonstrate that the

_____

[3] Because Bolkcom's first and second issues address the merits of his case, we consider his issues out of order.

6

trial court has jurisdiction to hear the cause. *See Blue*, 34 S.W.3d at 554; *Miranda*, 133 S.W.3d at 226. We overrule Bolkcom's third issue.

By his first issue, Bolkcom asserts that he was denied his right to due process because the District failed to comply with section 25.11 of the tax code. TEX. TAX CODE ANN. § 25.11(c) (Vernon 2008) ("Within 30 days after an owner qualifies for separate taxation or cancels a qualification, the chief appraiser shall deliver a written notice of the qualification to the other owners."). Due process challenges that have successfully been made in court include instances when taxpayers were not afforded any opportunity to be heard. *See Appraisal Review Bd. of the El Paso County Cent. Appraisal Dist. v. Fisher*, 88 S.W.3d 807, 813 (Tex. App.–El Paso 2002, pet. denied). However, an administrative remedy exists for Bolkcom's "due process" argument, and Bolkcom does not assert that he was denied the opportunity to be heard. *See* TEX. TAX CODE ANN. § 41.411(a) (Vernon 2008) ("A property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled."). Furthermore, Bolkcom has not provided any evidence demonstrating a failure by the appraisal review board to consider his section 25.11 arguments even though he asserts that he has electronic copies of the hearing allegedly held before the appraisal review board. We conclude that Bolkcom's due process claim does not excuse him from exhausting his administrative remedies before seeking judicial review. We overrule Bolkcom's first issue.[4]

---

[4] Because we have held that the trial court lacked jurisdiction over Bolkcom's claim, and because Bolkcom's issue pertaining to the "certification of Thomas Sims" as the "responsible taxpayer" requires an analysis of the merits of the case, we need not address his second issue. *See* TEX. R. APP. P. 47.1; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

### III. Conclusion

We affirm the trial court's judgment.

_____                                ROGELIO VALDEZ
           _____                             Chief Justice


Delivered and filed the
12th day of August, 2010.