NUMBER 13-02-399-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 

11TH STREET BINGO ASSOCIATION, ET AL.,                          Appellant,

v.

PENNI SIMONSON,                                                                       Appellee.




On appeal from the 60th District Court
of Jefferson County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
                              Opinion by Chief Justice Valdez
 
         Appellant, 11th Street Bingo Association, appeals a jury verdict rendered against
it for unpaid wages. The dispositive issue in this appeal is whether the trial court had
jurisdiction over appellee Penni Simonson’s action for debt for the association’s failure
to pay her wages. Because we find that the trial court did not have jurisdiction over
Simonson’s claims, we dismiss.                                   Factual and Procedural Background
         11th Street Bingo Association (“association”) was formed in 1997 with the help
of several people involved with the local American Legion. Simonson helped establish
the association and performed bookkeeping services for the association from 1997 to
1999. On May 13, 1999, John Rodriguez, the president of the association, was
removed from his position as president. On that same day, Simonson tendered her
resignation to the vice president of the association:
This letter is to inform you that effective immediately I no longer
volunteer my time in assistance of the association. I have been donating
my time since the inception of the association. Due to the recent
circumstances involving the association, I will no longer provide these
services. I regret any inconvenience this [may] cause the association, but
I feel I must resign at this time.

Simonson subsequently contacted the association and asked for payment for her 
bookkeeping services on the ground that Rodriguez had told her the association would
compensate her when the association was financially able to pay employees. The
association refused to pay Simonson as requested.
         On May 15, 2000, Simonson filed a claim for wages under the Texas Payday
Act. See generally Tex. Lab. Code Ann. § 61.001 -.095 (Vernon 1996 & Supp. 2004)
(Texas Payday Act); see Tex. Lab. Code Ann. § 61.051 (Vernon 1996) (employee who
is not paid wages as prescribed by chapter sixty-one may file a wage claim with the
commission). On June 14, 2000, the Texas Workforce Commission issued a
preliminary wage determination order finding that Simonson was a volunteer, rather
than an employee, and was thus not entitled to wages. See Tex. Lab. Code Ann. §
61.052 (Vernon 1996) (commission to investigate and issue preliminary wage
determination order dismissing or ordering payment of wages). 
         Simonson requested a hearing to contest the commission’s preliminary wage
determination order. See Tex. Lab. Code Ann. § 61.054 (Vernon 1996). On August
31, 2000, the commission held a hearing and determined that Simonson had not
timely filed her claim for wages. See Tex. Lab. Code Ann. § 61.051(c) (Vernon 1996)
(a wage claim must be filed not later than the 180th day after the date the wages
claimed became due for payment). In its decision, the commission concluded that it
did not “have jurisdiction over the wages in question and the wage claim will be
dismissed” and rendered its decision that the “determination order issued June 14,
2000, is affirmed.” See Tex. Lab. Code Ann. § 61.059 (Vernon 1996) (commission
may modify, affirm, or rescind preliminary wage determination).  
         Simonson filed suit against the association in district court on November 1,
2000, sixty-one days after the commission’s determination. The case was submitted
to the jury regarding whether an oral agreement existed between appellant and
Simonson concerning Simonson’s claim for wages for performing bookkeeping
services. The jury returned a verdict in Simonson’s favor and this appeal ensued. 
Although appellant raises ten issues on appeal, we must first determine whether the
trial court had jurisdiction over the cause. See Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 443 (Tex. 1993).
Standard of Review
         A trial court must have subject matter jurisdiction over a cause in order to have
the authority to resolve the controversy. Garcia-Marroquin v. Nueces County Bail Bd.,
1 S.W.3d 366, 373 (Tex. App.–Corpus Christi 1999, no pet.). Subject matter
jurisdiction may not be presumed or waived. Nueces County v. Ferguson, 97 S.W.3d
205, 213 (Tex. App.–Corpus Christi 2002, no pet.); City of Mission v. Cantu, 89
S.W.3d 795, 800 (Tex. App.–Corpus Christi 2002, no pet.); Garcia-Marroquin, 1
S.W.3d at 373. A trial court’s lack of subject matter jurisdiction constitutes
fundamental error. Garcia-Marroquin, 1 S.W.3d at 373. An appellate court reviews
de novo whether a trial court has subject matter jurisdiction. Nueces County, 97
S.W.3d at 213; City of Mission, 89 S.W.3d at 800; Garcia-Marroquin, 1 S.W.3d at
373. 
Applicable Law
         Claimants can seek relief for unpaid wages through the administrative processes
provided in the Texas Payday Act. The objective of the Texas Payday Act is to deter
employers from withholding wages by providing wage claimants an avenue for the
enforcement of wage claims, many of which would be too small to justify the expense
of a civil lawsuit. Wal-Mart Stores, Inc. v. Lopez, 93 S.W.3d 548, 561 (Tex.
App.–Houston [14th Dist.] 2002, no pet.) (citing Holmans v. Transource Polymers,
Inc., 914 S.W.2d 189, 192 (Tex. App.–Fort Worth 1995, writ denied)). After
commencing a claim under the Act, a claimant must exhaust all administrative
remedies before seeking relief in the trial court. See Tex. Lab. Code Ann. § 61.062(a)
(Vernon 1996). Otherwise, the trial court lacks jurisdiction to hear the claim. See
Holmans, 914 S.W.2d at 191-92.
         In the instant case, Simonson initiated administrative proceedings under the
Payday Act, but failed to exhaust her administrative remedies under the statute when
she did not timely and properly seek judicial review of the comission’s decision. See 
Tex. Lab. Code Ann. § 61.062(a) (Vernon 1996) (party who has exhausted its
administrative remedies under this chapter may bring suit to appeal). The Payday Act
requires that suit be brought to appeal the commission’s order not later than the
thirtieth day after the date the final order is mailed. See id. at § 61.062(b). In the
instant case, Simonson filed suit more than sixty days after the date the commission’s
final order was mailed. Thus, since Simonson failed to pursue her administrative claim,
the trial court did not have jurisdiction to consider her complaint. Holmans, 914
S.W.2d at 191. 
         Nonetheless, Simonson claims that the Texas Payday Act does not preempt her
common law causes of action. We agree. The Payday Act is not an employee’s sole
and exclusive remedy for a claim based on past wages, but is rather an alternative
remedy that is cumulative of the common law. See Bennett v. Cash Am. Int’l, Inc.,
982 S.W.2d 620, 622 (Tex. App.–Houston [1st Dist.] 1998), aff’d, 35 S.W.3d 12
(Tex. 2000); Holmans, 914 S.W.2d at 192-93. However, by initiating and proceeding
with her administrative remedies under the statute, Simonson chose to forego her
common-law causes of action and elected the alternative remedy provided by statute: 
[W]e can only conclude the legislature intended the Payday Law to be
cumulative of the common law and stand as an alternative remedy a
wage claimant may seek. Should a claimant choose to file a claim under
the statute, utilize its remedial scheme, and appeal the final
administrative order, then the claimant is properly required to abide by
the statute’s provisions. We do not, however, construe the Payday Law
as preempting a claimant, such as appellant, from choosing to pursue his
claim as a common-law action in the courts of this state. A claimant will
ultimately have to choose which remedy to accept. . . . 

Holmans, 914 S.W.2d at 193-94. A party may not initially elect one remedy and then
choose the other remedy when dissatisfied with the first result. See id. at 194. Had
Simonson wanted to pursue her common-law remedies, she was required to withdraw
her claim with the Texas Workforce Commission before the commission’s decision
became final. See id. 
         Simonson argues that an unsuccessful attempt at obtaining relief through the
Texas Workforce Commission is equivalent to not pursuing an administrative remedy. 
We disagree. If Simonson’s argument prevailed, then a party would be able to pursue
both an administrative remedy and a common law remedy as long as one pursuit was
unsuccessful. However, the law allows a choice between the two remedies but
prohibits pursuing both actions. See id. at 193-94. 
Conclusion
         A party’s failure to exhaust its administrative remedies deprives the trial court
of jurisdiction. Webb County Appraisal Dist. v. New Laredo Hotel, 792 S.W.2d 952,
954-955 (Tex. 1990); Gibbud v. Moron, 972 S.W.2d 797, 800 (Tex. App.–Corpus
Christi 1998, pet. denied). We conclude that because Simonson failed to timely
appeal the commission’s decision, the trial court lacked jurisdiction over her claims. 
Simonson submitted only her claim for wages to the jury; therefore, we need not
consider the extent to which any of her additional common-law causes of action might
have been preempted by recourse to the statute. 
         If the trial court lacks jurisdiction, then an appellate court only has jurisdiction
to set the judgment aside and dismiss the cause. Dallas County Appraisal Dist. v.
Funds Recovery, 887 S.W.2d 465, 468 (Tex. App.–Dallas 1994, writ denied); see
Nabejas v. Tex. Dep’t of Pub. Safety, 972 S.W.2d 875, 876 (Tex. App.–Corpus
Christi 1998, no pet.). Accordingly, we set aside the judgment of the trial court and
dismiss this appeal. See Dallas County Appraisal Dist., 887 S.W.2d at 468.



                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Dissenting opinion by Justice Errlinda Castillo. 

Opinion delivered and filed
this 20th day of May, 2004.
                                    



 








 

                                        NUMBER 13-02-399-CV

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG





11TH STREET BINGO ASSOCIATION, ET AL.,                        Appellants,

v.

PENNI SIMONSON,                                                                       Appellee.




On appeal from the 60th District Court
of Jefferson County, Texas.




DISSENTING MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Dissenting Memorandum Opinion by Justice Castillo

          I respectfully dissent. I agree with the majority that our initial inquiry is always
whether we have jurisdiction over an appeal. Garcia v. Comm'rs Court of Cameron
County, 101 S.W.3d 778, 779 (Tex. App.–Corpus Christi 2003, no pet.) (citing Tex. Ass'n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)). We are obligated to
determine, sua sponte, our own jurisdiction. Garcia, 101 S.W.3d at 779 (citing N.Y.
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam)). 
Jurisdiction of a court is never presumed. Garcia, 101 S.W.3d at 783. Because the
question of jurisdiction is a legal question, we follow the de novo standard of review. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). If the record does not
affirmatively demonstrate our jurisdiction, we must dismiss the appeal. Id. Thus, in
analyzing de novo the claims brought by Simonson in this case, I reach a different result. 

          As the majority notes, the Texas Workforce Commission concluded it did not have
jurisdiction over the wages in question and dismissed the wage claim. The commission
decision stated:
Since the claimant is claiming wages that would have been due for payment
prior to November 17, 1999, the wages in question are not within the
jurisdiction of the Texas Workforce Commission for the purposes of this
wage claim. Therefore, the Texas Workforce Commission does not have
jurisdiction over the wages in question and the wage claim will be dismissed.

          The election-of-remedies doctrine may bar relief when (1) one successfully
exercises an informed choice (2) between two or more remedies, rights, or states of facts
(3) which are so inconsistent as to (4) constitute manifest injustice. Medina v. Herrera,
927 S.W.2d 597, 600 (Tex. 1996); Harrison v. Gemdrill Int'l, Inc., 981 S.W.2d 714, 718
(Tex. App.–Houston [1st Dist.] 1998, pet. denied). Here, Simonson made no such
informed choice; the commission held that it did not have jurisdiction over Simonson's
wage claim. Accordingly, it would have been impossible for her to obtain an inconsistent
remedy in district court. See Harrison, 981 S.W.2d at 718. Thus, the doctrine of election
of remedies does not apply to this case. Id. Respectfully, I would hold that we have
jurisdiction. 
 
                                                                                      ERRLINDA CASTILLO
                                                                                      Justice


Dissenting Memorandum Opinion delivered and filed
this 20th day of May, 2004.