

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00213-CV

**EATX COFFEE, LLC**,
Appellant

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION**,
Appellee

From the 345th District Court, Travis County, Texas[1]
Trial Court No. D-1-GN-15-005355
The Honorable Gisela D. Triana, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  December 7, 2016

REVERSED AND REMANDED

EATX Coffee, LLC appeals the trial court's order granting a plea to the jurisdiction filed

by the Texas Alcoholic Beverage Commission.  We reverse the trial court's order and remand the

cause to the trial court for further proceedings.

---

[1] This case was transferred from the Third Court of Appeals.  We therefore look to previous Third Court of Appeals opinions for guidance.  *See* TEX. R. APP. P. 41.3.

**BACKGROUND**

EATX obtained a wine and beer retailer's permit referred to as a BG permit,[2] and it sells coffee, food, wine, and beer at its coffee shop. In 2014, EATX acquired a Crowler machine which it used to fill and seal aluminum cans with beer from its keg taps. The cans are called crowlers, and EATX began to sell the crowlers on December 30, 2014. EATX does not brew beer and does not consider its use of the Crowler machine to be "manufacturing."

On July 8, 2015, Brenda Meyers, Regional Supervisor of the TABC Austin region, sent an email to TABC auditors, stating holders of BG permits do not have the authority to use a Crowler machine to make crowlers to sell. If a BG permit holder was found to be in possession of a Crowler machine, the email instructed the auditors to issue a warning for "manufacturing" without a permit. In accordance with this email, EATX was issued an administrative warning for "unauthorized manufacturing" on July 9, 2015, after an auditor observed EATX in possession of a Crowler machine.

Despite the warning, EATX again started using its Crowler machine on August 27, 2015. In the petition filed in the underlying cause, EATX stated its intent was "to have TABC issue a formal administration violation against [EATX] in order to challenge the TABC's interpretation of the Code, by availing itself to a formal hearing on the issue before the State Office of Administrative Hearings."

On or about September 3, 2015, TABC posted the following questions and answers under the General Questions section of its website:

> **15. I would like to sell growlers (reusable, take-away containers) at my licensed establishment. Is this permitted?**
>
> Growlers - commonly defined as large re-usable glass containers which are filled with beer, ale or malt liquor, then temporarily sealed for customers to take from a licensed premise - are permitted for only retailers with a Wine and Beer On-Premise

---

[2] A wine and beer retailer's permit is issued under Chapter 25 of the Texas Alcoholic Beverage Code. *See* TEX. ALCO. BEV. CODE ANN. §§ 25.01-25.14 (West 2007 & Supp. 2016).

permit (BG) or a Retailer's On-Premise license (BE); or for Brewpubs (BP) dispensing products they produce.

Growlers are similar to pitchers or large glasses because they are refillable by the retailer. Under Sections 25.01, 69.01 and 74.01 of the Alcoholic Beverage Code, a customer with a growler may place a temporary seal on the vessel and remove it from the licensed premises for later consumption. The use of any machine or device which permanently seals a growler, such as a bottle-capping or canning device, is reserved for manufacturing-tier members or brewpubs, and is prohibited for other retailers.

**16. Which licenses/permits are needed to fill and sell crowlers (single-use, permanently sealed cans of malt beverages)?**

Under the Alcoholic Beverage Code, the right to manufacture and sell single-use, permanently sealed cans of malt beverages (also known as crowlers) is reserved for license or permit holders who produce their own beer, ale or malt liquor on-site. This includes only holders of a Brewer's Permit [Sec. 12.0l(a)(l)], a Manufacturer's License [Sec. 62.0l(a)(3)], or holders of a Brewpub License [Sec. 74.0l(a)(l)], who may sell crowlers filled with products they produce on-site.

The canning and permanent sealing of beer, ale or malt liquor is a manufacturing process reserved for members of the manufacturing tier, or for license holders authorized to brew and sell malt beverages on-site. Any beverages canned and sold under these permits must be produced by the permit or license holder at the same location where their permit is issued.

On September 29, 2015, TABC agents seized EATX's Crowler machine and related supplies and issued EATX an administrative violation. On October 29, 2015, TABC sent EATX a formal notice of violation stating its intent to cancel or suspend EATX's permit or deny or refuse the approval of its original or renewal permit.

On November 24, 2015, EATX filed a petition for declaratory relief and application for injunctive relief against TABC. The petition stated it was filed pursuant to the provisions of section 2001.038 of the Texas Government Code and sought a declaration that a TABC rule was invalid and inapplicable to EATX because its use of the crowler machine does not constitute "manufacturing." EATX alleged the question and answers TABC posted to its website constituted the TABC rule it sought to challenge.

On December 11, 2015, EATX filed a motion for a temporary restraining order. The motion stated EATX received a notice of hearing before the State Office of Administrative Hearings regarding its permit and the notice of violation issued by TABC. The hearing was set for January 20, 2016. EATX requested that the administrative proceeding be stayed until its application for temporary injunction was heard.

On December 18, 2015, TABC filed a plea to the jurisdiction asserting the questions and answers posted to its website did not constitute a "rule" for purposes of section 2001.038; therefore, TABC is immune from EATX's lawsuit. In addition, TABC asserted EATX must exhaust its administrative remedies with regard to the notice of violation before seeking judicial relief from a final administrative decision.

On January 7, 2016, the trial court held a hearing on EATX's motion for temporary restraining order and TABC's plea to the jurisdiction. In response to the trial court's question regarding whether the plea was based on the failure to exhaust administrative remedies, TABC's attorney responded, "Not solely," and explained the plea was based on the posted questions and answers not being a rule that could be challenged by section 2001.038; therefore, TABC's sovereign immunity was not waived. At the conclusion of the hearing, the trial court took the matters under advisement and subsequently signed an order granting TABC's plea to the jurisdiction. In its order, the trial court stated administrative remedies had not been exhausted. EATX appeals.

## STANDARD OF REVIEW

Immunity from suit implicates a court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016). "As subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction do novo." *Id.* If the plea to the jurisdiction challenges pleadings, we liberally construe the pleadings to determine if the plaintiff has "alleged facts that affirmatively

demonstrate the court's jurisdiction to hear the cause." *Id*. (internal quotations omitted). If the plea to the jurisdiction challenges the existence of jurisdictional facts which also implicate the merits of the case, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632-33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id*. at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id*. "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id*.

### SECTION 2001.038 OF THE ADMINISTRATIVE PROCEDURE ACT[3]

Section 2001.038(a) of the APA waives immunity by authorizing an action for declaratory relief challenging the validity or applicability of a rule "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX. GOV'T CODE ANN. § 2001.038(a) (West 2016); *Machete's Chop Shop, Inc. v. Tex. Film Comm'n*, 483 S.W.3d 272, 285 (Tex. App.—Austin 2016, no pet.). The term "rule" is defined by the APA as follows:

> "Rule":
> (A)  means a state agency statement of general applicability that:
>   (i)  implements, interprets, or prescribes law or policy; or
>   (ii)  describes the procedure or practice requirements of a state agency;
> (B)  includes the amendment or repeal of a prior rule; and
> (C)  does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.

*Id*. at § 2001.003(6).

Applying the definition, a statement is of general applicability if the statement "affect[s] the interest of the public at large such that [it] cannot be given the effect of law without public

---

[3] The Administrative Procedure Act or APA is the short title for chapter 2001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 2001.002 (West 2016).

input." *El Paso Hosp. Dist. v. Tex. Health & Human Servs. Comm'n*, 247 S.W.3d 709, 714 (Tex. 2008). In this case TABC's posted questions and answers apply to all BG permit holders and the customers they serve. Therefore, the posted questions and answers are statements of general applicability.

Next, the posted questions and answers interpret the law. More specifically, the posted question and answers interpret several provisions of the Texas Alcoholic Beverage Code by defining a person who uses a Crowler machine to be a manufacturer, and construing section 25.01 as prohibiting a BG permit holder from using a Crowler machine. *See Teladoc, Inc. v. Tex. Med. Bd.*, 453 S.W.3d 606, 616 (Tex. App.—Austin 2014, pet. denied) (noting "the bare fact that an agency statement might be said to 'interpret' or effectuate only standards already prescribed in existing statutes or rules, as opposed to creating new standards, cannot categorically mean that the statement lacks the sort of legal effect on private persons that distinguishes a 'rule,' as the same would be true of any 'agency statement of general applicability that . . . interprets . . . law,' and the Legislature has explicitly included such statements within the Texas APA's definition of 'rule'") (quoting TEX. GOV'T CODE ANN. § 2001.003(6)(A)). TABC sought to enforce these interpretations of the Texas Alcoholic Beverage Code provisions against EATX. *See Brinkley v. Tex. Lottery Comm'n*, 986 S.W.2d 764, 769-70 (Tex. App.—Austin 1999, no pet.) (explaining informal statements and proclamations are not "rules" unless the agency "attempt[s] . . . to enforce its statement against a private person").

Finally, the posted questions and answers are not a statement regarding TABC's internal management or organization. Instead, the posted questions and answers affect BG permit holders' private rights or privileges and are "policies that dictate specified results without regard to individual circumstances." *Tex. State Bd. of Pharmacy v. Witcher*, 447 S.W.3d 520, 529 (Tex. App.—Austin 2014, pet. denied as improvidently granted).

Both EATX and TABC refer to the definition's inclusion of amendments and repeals of prior rules. EATX argues the posted questions and answers amend sections 25.01 and 69.01 of the Texas Alcoholic Beverage Code.[4] TABC argues if those sections of the Code never allowed BG permit holders to use a Crowler machine to make crowlers, then the posted questions and answers did not amend those Code sections. Both arguments appear to believe that the posted questions and answers would not meet the definition of a "rule" if they did not amend or repeal a prior rule. Although the APA's definition of rule includes agency statements that amend or repeal prior rules, an agency statement is not required to amend or repeal a prior rule in order to meet the APA's definition of "rule." An agency must adopt a rule in the first instance before that rule can be amended or repealed, and the agency's adoption of such a rule is subject to the requirements of the APA. *See Teladoc, Inc.*, 453 S.W.3d at 616 (noting "'includes' denotes that a 'rule' may include agency statements beyond those that amend or repeal an existing rule").

TABC also argues its restatement of a statute is not a rule. This argument, however, ignores that the posted questions and answers do not simply restate the statutory provisions or existing agency rules but, instead, interpret various Code provisions to determine the use of a Crowler machine by a BG permit holder is not an authorized activity under section 25.01 of the Code. The definition of "rule" includes statements that interpret the law. *See* TEX. GOV'T CODE ANN. § 2001.003(6)(A)(i).

Accordingly, we hold the posted questions and answers meet the APA's definition of the term "rule," so their validity and applicability can be challenged in an action for declaratory relief under section 2001.38 of the APA. This holding should not be read as expressing any opinion regarding TABC's interpretation of the law.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

---

[4] We note statutory provisions do not meet the APA's definition of rule. *See* TEX. GOV'T CODE ANN. § 2001.003(6)(A) (defining rule as a "state agency statement").

Having determined EATX is entitled to seek declaratory relief under section 2001.038, we turn to the issue of exhaustion of administrative remedies. Nothing in section 2001.038 requires a plaintiff to exhaust any administrative remedies before seeking declaratory relief. Instead, so long as the plaintiff is challenging the validity or applicability of a rule and has alleged the rule interferes with or impairs a legal right or privilege of the plaintiff, which EATX has alleged in the underlying cause, section 2001.038 authorizes the plaintiff to immediately file its lawsuit in a Travis County District Court. *See* TEX. GOV'T CODE ANN. § 2001.038. Although EATX generally would be required to exhaust its administrative remedies before challenging an administrative decision to cancel, suspend or refusal to renew its license, *see* TEX. ALCO. BEV. CODE ANN. § 11.67, section 2001.038 does not impose such a requirement before challenging the validity or applicability of an agency's rule. *See Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—Austin 2002, pet. denied); *see also Garcia-Marroquin v. Nueces Cty. Bail Bond Bd.*, 1 S.W.3d 366, 378 (Tex. App.—Corpus Christi 1999, no pet.).[5]

### CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Luz Elena D. Chapa, Justice

---

[5] Even if EATX would have been required to exhaust administrative remedies, the doctrine of exhaustion of administrative remedies does not apply if a state agency acts outside its statutory authority or contrary to express statutes. *See MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 625 (Tex. App.—Austin 2005, pet. denied); *see also Lambright v. Tex. Parks & Wildlife Dep't*, 157 S.W.3d 499, 504 (Tex. App.—Austin 2005, no pet.) (listing steps agency must follow in order to adopt a rule under the APA's notice-and-comment rulemaking requirements).